UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PIARD,<br>　　Plaintiff<br><br>v.<br><br>ERIN MURPHY and KEVIN HAYDEN,<br>　　Defendants | )<br>)<br>)<br>)<br>)　Civil No. 24-40158-DHH<br>)<br>)<br>)<br>) |

## ORDER AND REPORT AND RECOMMENDATION

**August 18, 2025**

**Hennessy, M.J.**

Joseph Piard, while in custody at the North Central Correctional Institution ("NCCI Gardner"), initiated this action by filing a *pro se* complaint against Assistant District Attorney ("ADA") Erin Murphy and District Attorney ("DA") Kevin Hayden under 42 U.S.C. § 1983. (Docket #1). By Procedural Order dated December 17, 2024, plaintiff was ordered to pay the filing fee or file an application to proceed *in forma pauperis* with a certified copy of his prison account statement. (Docket #3). Plaintiff was advised that failure to comply may result in the dismissal of this action. *Id.*

In response, Piard timely filed an application to proceed *in forma pauperis*. (Docket #5). In response to Question 1, he identified the place of his incarceration. *Id.* However, he failed to answer the remaining seven questions on the application. *Id.* Piard did not file a copy of his prison account statement. Based on the lack of a certified copy of his prison account statement, and failure to provide any financial information at all, I hereby deny the application without prejudice.

As to Piard's complaint, it is subject to an initial screening under 28 U.S.C. § 1915A (providing for the screening of a complaint brought by a prisoner against a government entity or employee). Under § 1915A, a complaint filed in a federal district court may be dismissed on an initial screening if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Because Piard is self-represented, his allegations and legal claims must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the court accepts the plausible allegations in the complaint as true and draws all reasonable inferences in Piard's favor. *Estelle v Gamble,* 429 U.S. 97, 99 (1976). Applying these liberal standards to Piard's complaint, dismissal is nonetheless required because the complaint fails to state a claim upon which relief may be granted. *See Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (stating that a complaint must allege a plausible entitlement to relief).

Prosecutors are absolutely immune from suit under § 1983 for "their conduct in initiating a prosecution and in presenting the State's case ... insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks omitted) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). To determine when a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it, nor to the 'particular act' in isolation." *Penate v. Kaczmarek*, 928 F.3d 128, 135 (1st Cir. 2019) (internal citations omitted).

Because ADA Murphy's alleged conduct was directly linked to the judicial process, she is absolutely immune. Piard cannot maintain a suit against her for calling witnesses nor for introducing false testimony or fabricated evidence at trial. *See generally Van de Kamp v.*

*Goldstein*, 555 U.S. 335 (2009). Therefore, the defendant prosecutor is immune from Piard's claim against her.

Piard's claims against District Attorney Hayden are *respondeat superior* claims. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)). "Absent participation in the challenged conduct, a supervisor 'can be held liable only if (1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence of the supervisor amounting to deliberate indifference." *Hegarty v. Somerset Cty.*, 53 F.3d 1367, 1379-80 (1st Cir. 1995) (emphasis in original, punctuation omitted) (quoting *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 902-03 (1st Cir. 1988)). Here, the few non-conclusory allegations concerning DA Hayden show only a supervisory linkage which is insufficient to make out *respondeat superior* claims. Therefore, the complaint fails to state a claim against DA Hayden.

Even with a generous reading of the complaint, it fails to state a claim upon which relief may be granted. In light of the nature of the claims asserted, the court finds that amendment would be futile. *See Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, I ORDER that the application to proceed *in forma pauperis* (Docket #5) be DENIED WITHOUT PREJUDICE and ORDER that this action be REASSIGNED to a District Judge and RECOMMEND that the District Judge DISMISS this action pursuant to 28 U.S.C. § 1915A.[1]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made, and the basis for such objections. *See* Fed. R. Civ. P. 72. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962 (1st Cir. 1997); *Pagano v. Frank*, 983 F.2d 343 (1st Cir. 1993).